# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 04-cr-00514-EWN-25 |
| | USM Number: 33166-013 |
| CANDACE SIMS<br>a/k/a "Candy" | Clifford Barnard, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count ninety-one, and confessed to count one hundred thirty-seven of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 | Distribution or Possession With Intent to Distribute More Than 5 Grams of Cocaine Base and Aiding and Abetting | 09/17/04 | Ninety-One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The remaining counts of the Superseding Indictment, as to the defendant, are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 6, 2006
Date of Imposition of Judgment

s/ Edward W. Nottingham
Signature of Judge

Edward W. Nottingham, U.S. District Judge
Name & Title of Judge

February 3, 2006
Date

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                       Judgment-Page 2 of 7

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                       Judgment-Page 2 of 7

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                      Judgment-Page 3 of 7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 853 | Forfeiture Allegation | 09/17/04 | One Hundred Thirty-Seven |

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                                    Judgment-Page 4 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months.

The court recommends that the Bureau of Prisons designate the Federal Prison Camp, Phoenix, Arizona, for service of the sentence.  The court further recommends that defendant be considered for participation in the Residential Drug Abuse Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25 Judgment-Page 5 of 7

By⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Deputy United States Marshal

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25 Judgment-Page 5 of 7

DEFENDANT:  CANDACE SIMS  
CASE NUMBER:  04-cr-00514-EWN-25                                             Judgment-Page 6 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve a term of eight (8) years on supervised release.  Within seventy-two hours of her release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which she is released.

The defendant shall not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

The defendant shall not illegally possess or use controlled substances.

The defendant shall submit to one drug test within fifteen days of her release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

The defendant shall not commit a federal, state, or local crime.

The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

The defendant shall observe thirteen of the fourteen "standard" conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                                                 Judgment-Page 7 of 7

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until she is released from the program by the probation officer.  While participating in this program, she shall abstain from the use of alcohol or other intoxicants. She shall pay all costs associated with this program.

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                    Judgment-Page 8 of 7

## MONETARY OBLIGATIONS

     The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Ninety-One | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  CANDACE SIMS
CASE NUMBER:  04-cr-00514-EWN-25                                                                Judgment-Page 9 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due and payable immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.